UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMINE BALDWIN,<br>1407 W. Artic Street<br>Tampa, FL 22604<br><br>*On Behalf of Herself and All Others Similarly Situated*,<br><br>    Plaintiff,<br><br>v.<br><br>COMPUTER GENERATED SOLUTIONS, INC.<br>200 Vesey Street<br>Computer Generated Solutions I<br>New York, NY 10281<br><br>    Defendant. | Case No.<br><br>Judge<br><br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Jasmine Baldwin, by and through undersigned counsel, and for her Complaint against Defendant Computer Generated Solutions, Inc., states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant 28 U.S.C. § 1331, as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters and principal place of business is located in this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

4. At all material times, Plaintiff is and was a citizen of the United States and a resident of Tampa, Florida.

5. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all material times, Defendant is and was a corporation for profit with a headquarters and principal place of business located at: 200 Vesey Street, New York, New York 10281.

7. At all material times, Defendant is and was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all material times, Defendant is and was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all material times, Defendant is and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all material times, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Plaintiff's written consent to this action is attached hereto as Exhibit A.

12. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

13. Defendant operates call centers at various locations across the country where it employs customer service representatives and technical support representatives.

14. Defendant also employs customer service representatives and technical support representatives who work remotely, but perform the same tasks as the customer service and technical support representatives who work at call centers.

15. Plaintiff was employed by Defendant as a customer service and technical support representative in Tampa, Florida from approximately April 2020 to January 2021.

16. Other similarly situated current and former employees of Defendant were employed as customer service representatives and/or technical support representatives or performed the same or substantially similar tasks as customer service representatives and technical support representatives.

17. Plaintiff and other similarly situated employees had the same and/or substantially similar job duties and responsibilities and were subjected to the same policies and procedures during their employment with Defendant.

18. Plaintiff and other similarly situated employees of Defendant are/were non-exempt employees under the FLSA.

19. Plaintiff and other similarly situated employees of Defendant are/were paid an hourly wage.

20. Plaintiff and other similarly situated employees of Defendant regularly worked more than 40 hours per workweek.

**(Failure to Pay for Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

21. Plaintiff and other similarly situated employees were required by Defendant to

perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, software applications, and phone system.

22. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

23. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

24. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

25. There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they started and logged into Defendant's computer systems, applications, and phone system.

26. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

27. Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without bringing up Defendant's computer systems, applications, and Phone system.

28. Plaintiff estimates that she spent approximately 10 to 30 minutes before her shift start times starting and logging into Defendant's computer systems, software applications, and phone system.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Phone System)**

29. Plaintiff and other similarly situated employees were required by Defendant to

4

perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendant's computer systems, software applications, and phone system.

30. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

31. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

32. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

33. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees.  It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendant's computer systems, applications, and phone system and before and after other meetings and work time.

34. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

35. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees.

36. Plaintiff estimates that she spent approximately 5 to 10 minutes after her shift to logging out of and shutting down Defendant's computer systems, software applications, and phone system.

**(Failure to Pay for Time Spent Working but not Logged into Computer Systems)**

37. Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees were not paid for all hours worked.

38. Defendant paid Plaintiff and other similarly situated employees only for work performed while they were completely logged into Defendant's computer systems, software applications, and phone system.

39. Plaintiff and similarly situated employees were not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer systems, applications, and phone system.

### (Failure to Pay Overtime Compensation)

40. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

### (Failure to Keep Accurate Records)

41. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees when not clocked in.

### (Defendant Willfully Violated the FLSA)

42. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

44. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current customer service representatives, technical support representatives, and persons with jobs performing substantially identical functions and/or duties to customer service and/or technical support representatives employed by Computer Generated Solutions, Inc. within the three (3) year period prior to the filing of this Complaint.

45. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 500 persons.

46. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

47. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **COUNT ONE**

**(Violations of Fair Labor Standards Act)**

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

50. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

51. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

52. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

53. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

54. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## JURY DEMAND

55. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

    A.    Issue an order permitting this litigation to proceed as a collective action;

    B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents statutory liquidated damages;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Katherine Morales*
Katherine Morales
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, NY 10017
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
kymorales@katzmelinger.com

And

Matthew S. Grimsley (OH 0092942)
(*will apply for pro hac vice admissions*)
Anthony J. Lazzaro (OH 0077962)
(*will apply for pro hac vice admissions*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Telephone: (216) 696-5000
Facsimile: (216) 696-7005
anthony@lazzarolawfirm.com
matthew@lazzarolawfirm.com

Attorneys for Plaintiff

## **CONSENT FORM**

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit or arbitration case filed against my employer.

2. I understand that the claims are brought under the Fair Labor Standards Act and/or state wage and hour laws.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify the case as a collective or class action.  If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is not conditionally certified or decertified after conditional certification, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.  In the event my claim must be brought in arbitration, I authorize Plaintiff's counsel to file a claim for arbitration on my behalf.

5. I understand that Plaintiff's counsel agrees to represent me on a contingency fee basis without any prepayment of attorneys' fees or costs.  The fees and costs will either be subtracted from the total recovery obtained from my employer in the amount of thirty-three and one-third percent (33-1/3%) of my total recovery plus costs expended by Plaintiff's counsel on my behalf, or they may be paid separately by my employer.  If there is no recovery, Plaintiff's counsel will not be paid for their work on this case.

**Employer:**

CGS

Signature: *Jasmine Baldwin (Dec 16, 2022 07:51 PST)*        Date: Dec 16, 2022

Jasmine Baldwin
1407 W. Arctic Street
Tampa, FL 33604
jasminebaldwin.jb@gmail.com