UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JASMINE BALDWIN, individually and on
behalf of all others similarly situated;
JULISHIA BURLEY, ZYHA HAIRL,
RODERICK HARPER, BELISHA MILLIEN,
ROLLIN PEEK, STACY PUCHOON, GARY
SIMMONS, CHRISTINA SIMS, PORICHA
SIMS, GEORGE THOMAS, SONDRA
WASHINGTON, ALYEESE WILLIAMS,
MONICA WILLIAMS, DEBRA
CARNAHAN, WILLIAM LEWIS,
individually,

         Plaintiffs,

                                        No. 23-CV-00128-LTS

   -v-

COMPUTER GENERATED SOLUTIONS,
INC.,

         Defendant.

--------------------------------------------------------x

ORDER

      Plaintiff Jasmine Baldwin ("Baldwin") brings this putative collective action

against Computer Generated Solutions, Inc. ("CGS" or "Defendant") on behalf of herself and

similarly situated non-exempt employees employed by Defendant (the "Covered Employees")

for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 et seq.

(See generally docket entry no. 62 ("Amended Complaint" or "Am. Compl.").)  An additional

fifteen plaintiffs (the "Opt-in Plaintiffs," and, collectively with Baldwin, "Plaintiffs") have since

opted into this action against Defendant as well.  (See docket entry nos. 5-17, 21, 83.)  The Court

has jurisdiction of this matter pursuant to 28 U.S.C. section 1331.

Baldwin now seeks conditional certification of her FLSA claims as a representative collective action pursuant to 29 U.S.C. section 216(b); court-facilitated notice of the FLSA action to Covered Employees, including a consent form as authorized by the FLSA; approval of a proposed FLSA notice and consent form; production of "the identity, contact information, and pertinent employment dates of all" Covered Employees employed within the three-year period prior to the filing of the original complaint (docket entry no. 1 ("Original Complaint" or "Compl.")); and authorization of notice to potential opt-in plaintiffs by mail, email, and text message.  (See docket entry no. 65 ("Motion") at 1-2.)

The Court has considered the parties' submissions carefully.  For the reasons set forth below, Plaintiff's Motion is denied without prejudice.

## I.    BACKGROUND[1]

Defendant operates call centers across the country employing customer service representatives and technical support representatives.  (Am. Compl. ¶ 13.)  Plaintiff Baldwin was employed as both a customer service representative and a technical support representative, as were Plaintiffs Belisha Millien, George Thomas, and Sondra Washington.  (Id. ¶ 15; Opt-in Pls. Decls. at 8-9, 16-19.)  Plaintiffs Julishia Burley, Roderick Harper, Rollin Peek, and Stacy Puchoon were employed as customer service representatives, while Plaintiffs Zyha Hairl, Gary Simmons, Alyeese Williams, and Monica Williams were employed as technical support representatives.  (Opt-in Pls. Decls. at 2-7, 10-15, 20-23.)  Some Plaintiffs worked in person at

---

[1]    The facts set forth herein are drawn from the Amended Complaint in this action, as well as Plaintiffs' declarations.  (See Am. Compl.; docket entry no. 65-3 ("Baldwin Decl."); docket entry no. 65-4 ("Opt-in Pls. Decls.").)  For purposes of the Motion, these facts are presumed true to the extent they are not conclusory.  See Johnson v. Carlo Lizza & Sons Paving, Inc., 160 F. Supp. 3d 605, 608 n.2 (S.D.N.Y. 2016).

call centers, while others worked remotely from their homes.  (See, e.g., id. at 10.)  Baldwin alleges that she worked remotely as an employee of Defendant from approximately April to December 2020, "but perform[ed] the same tasks as the customer service and technical support representatives who work at call centers."  (Am. Compl. ¶ 14-15.)

Plaintiffs claim that Defendant failed to pay the FLSA overtime rate of time and one-half despite Plaintiffs working over 40 hours per week.  (Id. ¶ 1.)  In particular, Plaintiffs allege that Defendant required them "to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, software applications, and phone systems."  (Id. ¶ 23.)  Baldwin "estimates that she spent approximately 10 to 30 minutes before her shift start times" logging in.  (Id. ¶ 30.)  Plaintiffs likewise allege that Defendant required them "to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendant's computer systems, software applications, and phone systems."  (Id. ¶ 32.)  Baldwin "estimates that she spent approximately 5 to 10 minutes after her shift . . . logging out of and shutting down Defendant's computer systems, software applications, and phone system each workday."  (Id. ¶ 39.)  Because "Defendant paid Plaintiff and other similarly situated employees only for work performed while they were completely logged into Defendant's computer systems, software applications, and phone system[,] . . . Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek."  (Id. ¶¶ 42, 44.)  Plaintiffs further allege that Defendant failed to keep accurate records of this unpaid work and violated the FLSA willfully by not paying Plaintiffs overtime compensation.  (See id. ¶¶ 46-54.)

Baldwin filed the Original Complaint on January 6, 2023 (see Compl.), and filed the instant motion seeking certification of an FLSA collective action on November 22, 2023 (see

Motion).  The proposed collective is defined as: "All former and current customer service representatives, technical support representatives, and persons with jobs performing substantially identical functions and/or duties to customer service and/or technical support representatives employed by Computer Generated Solutions, Inc. within the three (3) year period prior to the filing of this Complaint."  (Am. Compl. ¶ 56; docket entry no. 65-1 ("Pl. Mem.") at 3.)

## II.    DISCUSSION

Section 216(b) of the FLSA provides a private right of action for plaintiffs to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions.  See 29 U.S.C.A. § 216(b) (current through P.L. 119-80).  "Section 216(b) allows such a case to be brought as a collective action, that is, an action by one or more employees for and in behalf of himself [or herself] or themselves and other other employees similarly situated."  Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (citation modified).  District courts maintain discretion in FLSA actions to facilitate notice to potential plaintiffs "of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."  Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (quoting Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)).  "A court may authorize notice in an FLSA collective action if the plaintiff demonstrates that other, potential plaintiffs, are 'similarly situated' to him or her."  Gjurovich, 282 F. Supp. 2d at 104 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

Conditional certification of a collective action proceeds in two stages in this Circuit.[2]  See Myers, 624 F.3d at 554-55.  At the first stage, the Court "examines the pleadings

---

[2]    Defendant argues, based on the decisions of United States Courts of Appeals of other Circuits, that "this Court [should] reject the framework that a collective action should be

and affidavits to determine whether the named plaintiffs and putative class members are similarly situated," which requires plaintiffs to make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Vasquez v. Vitamin Shoppe Indus. Inc., No. 10-CV-8820-LTS, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) (quoting Hoffmann, 982 F. Supp. at 261).  At the second stage, a defendant may move to decertify the class after discovery "if the record reveals" that the opt-in plaintiffs are not similarly situated to the named plaintiffs, in which case "the opt-in plaintiffs' claims may be dismissed without prejudice." Myers, 624 F.3d at 555.

Baldwin's Motion is brought at the first stage of conditional certification.  "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).  Although "courts apply a fairly lenient standard for conditional certification of a collective action" at this stage, "certification is not automatic." Vasquez, 2011 WL 2693712, at *3 (citation modified).  Conclusory allegations and "unsupported assertions" are insufficient to satisfy a plaintiff's burden to show that she and other potential plaintiffs are similarly situated as victims of a common policy or plan that violated the law. Myers, 624 F.3d at 555 (quoting Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991)).

Baldwin proposes a collective class that spans employees in call centers and remote work locations "across the country." (Am. Compl. ¶ 13; Pl. Mem. at 15; see docket entry

---

'conditionally' certified prior to any discovery being conducted." (Docket entry no. 72 ("Def. Mem.") at 8.)  Unless and until the Second Circuit reconsiders its precedent outlining the two-stage conditional certification process under the FLSA, such precedent is binding on this Court. See Piazza v. Fla. Union Free Sch. Dist., 777 F. Supp. 2d 669, 680 n.7 (S.D.N.Y. 2011).

no. 82 ("Reply Mem.") at 2 n.3 (noting that the call centers in which some Opt-In Plaintiffs worked are "located in Georgia or Florida").)  She must therefore make some "modest factual showing" that Defendant has instituted a company-wide, interstate policy or plan pursuant to which customer service representatives, technical support representatives, and other employees with similar duties are underpaid for the time spent logging into and out of Defendants' systems. Baldwin does not meet this burden.  Her declaration merely concludes, with respect to Defendant's allegedly unlawful compensation practices, that "CGS did this to other customer service representatives who[m] [she] talked to," and that she believes she is "similarly situated to these employees."  (Baldwin Decl. at 4.)  Baldwin relies "upon conversations with other CGS employees," stating that she "know[s] the experiences of others are similar to [hers] because [she] talked with them."  (Id.)  Yet Baldwin does not proffer any facts about these conversations, such as when they took place, where these employees were located, or whether their "experiences" were based on the same "practices and policies" that she alleges.  (Id.)  Her unelaborated references to these alleged conversations are insufficient to provide a factual basis for the requisite finding of similarity.

The Opt-In Plaintiffs' declarations are even less specific and thus also fall short. As Defendant points out, these declarations follow the exact same form and are nearly identical to one another.  (Def. Mem. at 9; see generally Opt-In Pls. Decls.)  "While the mere fact that the declarations submitted by Plaintiff are virtually identical does not ipso facto render them incompetent, it severely undercuts their persuasive value."  Augustyniak v. Lowe's Home Ctr., LLC, No. 14-CV-488-JJM, 2016 WL 462346, at *4 (W.D.N.Y. Feb. 8, 2016) (citation modified). Beyond the boilerplate nature of these form declarations, none describes how much unpaid time was spent logging into and out of Defendant's computer, software, and phone systems.  Every

declaration summarily describes how the declarant "observed that CGS did this to other employees" and thus believes that they are similarly situated.  (Opt-In Pls. Decls. at 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23.)  The declarants further assert that they "know the experiences of others are similar to [theirs] because [the declarants] observed them, talked with them, and worked alongside them."  (Id.)  As with Baldwin's declaration, however, these declarations are devoid of facts regarding the content of these observations or conversations.  See Sanchez v. JMP Ventures, L.L.C., No. 13-CV-7264-KBF, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) ("[T]he Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. . . . More is required under the law, even at the first stage of the conditional certification process." (footnote omitted)).

The vast scope of Baldwin's proposed collective class, combined with the declarations' sparse factual content, weighs against conditional certification at this time.  None of the Plaintiffs provides any facts, such as the name of the time management programs used, the text of the policies that were enforced, or the particular titles of employees who were subject to such policies, that would ensure proper notification to similarly situated employees.  Though Baldwin points to the declarations corroborating each other as sufficient (Reply Mem. at 5), her request to conditionally certify a collective class that expands beyond state lines and physical workplaces requires more than nearly identical conclusory assertions that other employees have had similar experiences.  See Eng-Hatcher v. Sprint Nextel Corp., No. 07-CV-7350-BSJ, 2009 WL 7311383, at *5 (S.D.N.Y. Nov. 13, 2009) ("Identifying potential class members may be a sufficient showing when the potential class is made up of individuals 'who worked in the same location, during the same general period, under essentially the same management,' but fails to

meet the modest factual showing required by the courts when plaintiff attempts to impute her own limited experience to a nationwide class." (citation omitted) (quoting Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 353 (E.D.N.Y. 2008))).  Although the first-stage conditional certification burden is "modest," Plaintiffs have failed to provide much factual content at all to justify the nationwide collective Baldwin has defined.

The denial of conditional certification will be without prejudice, however.  The Court therefore grants Plaintiffs leave to renew the motion for conditional certification following further discovery.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification is denied without prejudice.  Docket entry no. 65 is resolved.  This case will be referred to Magistrate Judge Robert W. Lehrburger for general pretrial management.  The parties are ordered to meet and confer and, within 14 days of the entry of this Order, submit a joint status update addressed to Judge Lehrburger proposing a schedule for discovery.

SO ORDERED.

Dated: New York, New York
         March 31, 2026

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge